Eleanor M. Lackman (State Bar No. 298594)
COWAN, DEBAETS, ABRAHAMS
& SHEPPARD LLP
9595 Wilshire Blvd.
Beverly Hills, CA 90212
Tel: (310) 492-4392
Email: elackman@cdas.com

*Attorneys for Plaintiff*
*Monbijou Films, GmbH*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONBIJOU FILMS GmbH, a German company,<br><br>Plaintiff,<br><br>v.<br><br>STONE VILLAGE PRODUCTIONS, INC., a California corporation,<br><br>Defendant. | CASE NO. _____<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Monbijou Films, GmbH ("Monbijou") by its undersigned counsel, hereby states for its Complaint against Defendant Stone Village Productions, Inc. ("Defendant") as follows:

1. This action concerns Defendant's clear and intentional breach of its payment obligation under a February 19, 2016 Short Form Producer Agreement (the "Producer Agreement," a true and correct copy of which is attached hereto as Exhibit 1), as revised by a May 31, 2016 amendment (the "Amendment," a true and

correct copy of which is attached hereto as Exhibit 2), and Defendant's anticipatory breach of another payment obligation under the Producer Agreement (as amended).

**Parties**

2. Monbijou is a limited liability company organized under the laws of Germany. It is a film production company that furnishes the services of producer Sándor Söth, a member of the German Film Academy and European Film Academy.

3. Defendant is a California corporation with its principal place of business in Los Angeles. It is an independent film and television finance and production company focusing on the adaptation of literary works into feature films.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between Monbijou, a citizen or subject of a foreign state, and Defendant, a citizen of California, and because the aggregate amount in controversy exceeds $75,000.

5. This Court has general personal jurisdiction over Defendant because Defendant is a California corporation and is therefore deemed to be at home in California, and is, in fact, located in this District and regularly does business in this District. This Court has specific personal jurisdiction over Defendant because Defendant committed its breaches of the Producer Agreement in this District.

6. This Court also has personal jurisdiction over Defendant because paragraph 16 of the Producer Agreement states that "[t]he parties hereby submit to

-2-

the exclusive jurisdiction . . . of the local, state and federal courts located in Los Angeles County."

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the events giving rise to Monbijou's claim occurred in this District, in particular, the breaches of the Producer Agreement.

8. Venue is also proper in this Court because paragraph 16 of the Producer Agreement states that "[t]he parties hereby submit to the exclusive . . . venue of the local, state and federal courts located in Los Angeles County."

**Factual Background**

9. On February 24, 2012, Mr. Söth's company, Intuit Pictures, GmbH ("Intuit") entered into an option agreement (the "Option Agreement") with Wylie Agency (UK) Ltd., the representative of the Estate of Dmitri Nabokov (successor in interest to Dmitri Nabokov, the son and sole heir of author Vladimir Nabokov). Wylie Agency (UK) Ltd. is the exclusive licensor of an original literary work by Vladimir Nabokov entitled "LAUGHTER IN THE DARK" (the "Work"), which was the subject of the Option Agreement.

10. The Option Agreement (as later amended) granted Intuit an exclusive option to purchase certain theatrical motion picture rights in and to the Work for €15,000 (which option was extended three times).

11. On September 16, 2013, Intuit assigned all of its rights and obligations under the Option Agreement to Monbijou. Monbijou subsequently entered into the

-3-

Producer Agreement with Defendant.

12. Under the terms of the Producer Agreement, Defendant agreed to provide various producing services (such as casting, attaching a director, and procuring financing) in connection with a motion picture project based on the Work (the "Picture"), and agreed to pay the third €15,000 option fee to the Estate of Dmitri Nabokov on Monbijou's behalf in order to perpetuate the Option Agreement.

13. Under the terms of the Producer Agreement, Monbijou agreed to make available the producing services of Mr. Söth, and to make available to Defendant certain underlying rights to the Work if Defendant satisfied certain contractual conditions.

14. Specifically, pursuant to paragraph 9 of the Producer Agreement, Monbijou has agreed to quitclaim all rights in the Picture that Monbijou acquired from the Estate of Dmitri Nabokov to Defendant if certain contractual milestones have been met. Those milestones have not been met.

15. Monbijou retained all underlying rights granted by the Option Agreement, and the Estate of Dmitri Nabokov retained all underlying rights in the Work itself, notwithstanding paragraph 9 of the Producer Agreement.

16. The payment terms of the Producer Agreement include certain fees, and deferred and contingent compensation, to Monbijou. The Producer Agreement also obligates Defendant to pay certain of Monbijou's development costs associated with the Picture (the "Development Expenses") pursuant to an agreed-upon payment

schedule.

17. Under the Producer Agreement, Defendant's first payment obligation with respect to the Development Expenses was due on or before June 1, 2016. Defendant requested an accommodation from Monbijou so that Defendant's payment obligation could be postponed. Monbijou agreed to the Amendment (without waiving its rights) to grant Defendant an extension of time to pay the Development Expenses under the Producer Agreement.

18. Pursuant to the Amendment, paragraph 5 of the Producer Agreement was revised to state that Defendant would pay the Development Expenses – $150,000.00 plus fixed interest in the amount of 25% ("ROI") for an aggregate amount of $187,500.00 – as follows:

> "(i) the first payment in the amount of Fifty Thousand Dollars ($50,000.00) on or before July 1, 2016, and (ii) the second payment in the amount of Fifty Thousand Dollars ($50,000.00) on or before August 15, 2016, and (iii) the remaining balance of the Development Costs and the ROI in the amount of Eighty-Seven Thousand Five Hundred Dollars ($87,500.00) will be paid no later than the date of commencement of principal photography of the [Picture]."

19. Despite Monbijou's previous cooperation in agreeing to the Amendment, Defendant failed to pay Monbijou the first installment of $50,000.00 on July 1, 2016, and has not paid it to date. Defendant advised Monbijou that payment would not be forthcoming.

20. Defendant further advised Monbijou that it would not pay the second payment of $50,000.00 due on August 15, 2016 because it purportedly would not

have any available funds from its financiers until the Picture is cast.

21. Defendant clearly and voluntarily repudiated its payment obligations under the Producer Agreement (as amended) by communicating its intent to commit another breach of the Producer Agreement that would give rise to a claim for damages on the part of Monbijou.

22. Defendant brazenly has no intention to pay the sum of $100,000.00 it owes Monbijou by August 15, 2016 under the Producer Agreement (as amended), as it is unable to provide any certain schedule with respect to when the Picture might be cast.

## CLAIM FOR RELIEF
### Breach of Contract

23. Monbijou repeats and realleges the allegations set forth above as if fully set forth herein.

24. The Producer Agreement (as amended) is a valid, binding, and enforceable written contract executed by Monbijou and Defendant that is governed and construed in accordance with the laws of the State of California applicable to contracts entered into and fully performed therein. (*See* Exh. 1 ¶ 16.)

25. Defendant's failure to pay its first installment of $50,000.00 under paragraph 5(i) of the Producer Agreement (as amended) constitutes a material breach of that paragraph.

26. Defendant has no excuse for nonperformance and does not dispute that

it has failed to make its contractually required payment.

27. Defendant's clearly expressed intent not to pay the second installment of $50,000.00 under paragraph 5(ii) of the Producer Agreement (as amended) constitutes anticipatory breach of that paragraph.

28. Defendant repudiated its obligation to pay by making a clear statement that it will commit another breach of the Producer Agreement (as amended) as of August 15, 2016. Defendant did not retract its repudiation prior to Monbijou's filing of this Complaint.

29. Defendant also has communicated that it will not perform its contractual obligations unless a condition outside the scope of the contract is satisfied – *i.e.*, the completion of casting of the Picture.

30. Conditioning contractual performance on the occurrence of an extra-contractual event also constitutes anticipatory breach of the Producer Agreement (as amended).

31. Monbijou has performed under the Producer Agreement and is in full compliance with its obligations thereunder.

32. Monbijou has been damaged by Defendant in the amount of $100,000.00, plus additional damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Monbijou respectfully requests that this Court enter judgment in its favor and against Defendant, as follows:

1. finding Defendant in breach of paragraph 5(i) of the Producer Agreement (as amended);

2. finding that Defendant has anticipatorily breached paragraph 5(ii) of the Producer Agreement (as amended) and has not retracted said anticipatory breach, and is therefore in material breach of paragraph 5(ii);

3. awarding Monbijou damages in an amount of no less than $100,000.00, plus other amounts determined at trial; and

4. granting all such other and further relief as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Monbijou demands a trial by jury on all issues so triable in this action.

Dated: August 8, 2016　　　　　　　　COWAN, DEBAETS, ABRAHAMS
　　　　　　　　　　　　　　　　　　& SHEPPARD LLP


　　　　　　　　　　　　　　　　　　By: /s/ Eleanor M. Lackman
　　　　　　　　　　　　　　　　　　　　　Eleanor M. Lackman


　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Monbijou Films, GmbH*